Lawrence, J.
This is a proceeding in error to reverse a judgment rendered by the court of common pleas in an action brought there on appeal from the court of a justice of the peace.
Enger, plaintiff in error, was defendant in both the lower courts.
In the court of common pleas a motion was made to dismiss the appeal for the reason that the appeal bond was not signed within the time required by law. This motion was sustained, and error is now prosecuted in this court to reverse the judgment of the court of common pleas.
From the transcript of the justice of the peace it appears that the judgment was rendered September 6, 1917, and the appeal bond was given and approved September 17, 1917, and the sole question now presented for our consideration and de *418 termination is, Was the appeal perfected within the time required by law?
The court takes judicial notice that the 16th day of September, 1917, fell on a Sunday. Section 10383, General Code, provides:
“Within ten days from the time a justice renders judgment, the party appealing therefrom must give a bond to the adverse party, though he need not sign it, with at least one sufficient surety to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs;” etc.
The General Code has been the law in Ohio since its approval by the governor in 1910.
Section 10216, General Code, provides:
“Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday.”
One object of the legislature in creating the codifying commission, if not its chief purpose, was to do away with different statutes relating to the same condition.
Before the General Code became effective, Section 4951, Revised Statutes — now Section 10216, General Code — did not apply to practice in the justices’ courts.
Part Third of the General Code covers the remedial legislation of the state, and is divided into nine subdivisions or titles: Title I, “Preliminary,” contains general provisions applicable to all the courts, including therein Section 10216, quoted above; Title II contains “Procedure in Justice’s Court;” *419 Title III, “Procedure in Probate Court;” followed by titles applicable to the common pleas and the court of appeals, respectively; clearly demonstrating to our minds that Section 10216 must be con-' strued as extending to acts in all the courts. We can see no reason why it should not so apply, and we hol’d that it does and that a bond given in accordance therewith is sufficient.
This ’being true, the judgment of the court of common pleas is reversed, and the case remanded to that court for further proceedings.

Judgment reversed, and cause remanded.

Grant and Dunlap, JJ., concur.